UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00125-MOC-DLH

| | | |
|---|---|---|
| **GARY COSBY** | ) | |
| **LISA WORRILLS** | ) | |
| **CARLA MATTHEWS,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CONVERGYS CUSTOMER MANAGEMENT** | ) | |
| **GROUP INC.; CONVERGYS CORPORATION,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiffs' Motion for Conditional Class Certification and

Court Supervised Notice to Potential Opt-In Plaintiffs.

The FLSA's collective action mechanism serves the dual purpose of lowering litigation

costs for individual plaintiffs, and decreasing the burden on the courts through "efficient

resolution in one proceeding of common issues of law and fact arising from the same alleged

discriminatory activity." Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

"These benefits ... depend on employees receiving accurate and timely notice concerning the

pendency of the collective action, so that they can make informed decisions about whether to

participate." Id. Thus, the district court "has a managerial responsibility to oversee the joinder of

additional parties to assure that the task is accomplished in an efficient and proper way." Id., at

170–71.

Having carefully considered the Motion for Conditional Class Certification under FLSA

§ 216(b) and defendants' objection, many of which are improperly merits based, the court finds

that plaintiffs have shown that the putative class members were together the probable victims of

1

a single decision, policy or plan. The named plaintiffs have brought forth substantial sworn allegations to meet the minimal conditional class certification standard and which support the allegations as set forth in the Complaint. More specifically, plaintiffs have presented evidence that, in their employment they are similarly situated inasmuch as: (1) plaintiffs have the same home-based job duties; and (2) are subject to the same policies and standards determining their compensation and performance requirements. The court will therefore, conditionally certify and order notice be sent to the class.

As to the notice, the court has also considered defendants' objections to plaintiffs' proposal and finds those objections to be meritorious. To avoid the appearance of improper endorsement of joining this action, the court will only permit notice via one first class mailing to each qualifying employee or former employee. As to timing, the court agrees that 90 days is too long and that a time period between 30 and 90 days is more appropriate. The court will set the deadline as October 15, 2014, which takes into account the possibility that defendants will need up two weeks to gather and deliver to plaintiffs' counsel a list of employees and their mailing addresses. The court expects respective counsel to work together in that process and provide the list in a format that is both convenient for defendants to produce and for plaintiffs to utilize. The "Consent to Join" is approved as proposed. Finally, plaintiffs have not shown a special need for disclosure of each employee's last four Social Security digits, and the court finds that defendants' production of names and mailing addresses (or last known mailing addresses) to be sufficient. The court approves the following notice:

<u>**NOTICE OF RIGHT TO JOIN LAWSUIT**</u>

TO: ALL HOURLY HOME-BASED CUSTOMER SERVICE REPRESENTATIVES WHO
WERE EMPLOYED BY CONVERGYS CORPORATION AND/OR CONVERGYS
CUSTOMER MANAGEMENT GROUP, INC., AT ANY TIME IN THE PAST
THREE YEARS

RE: FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST CONVERGYS
CORPORATION AND/OR CONVERGYS CUSTOMER MANAGEMENT GROUP,
INC.

1.    <u>INTRODUCTION</u>

This Notice is to inform you about a lawsuit in which you might be able to make a claim
for damages under the federal Fair Labor Standards Act, to advise you of how your
rights may be affected by this lawsuit, and to instruct you on the procedure for
participating in this lawsuit, if you so choose.

2.    <u>DESCRIPTION OF THE LAWSUIT</u>

On May 16, 2014, Ms. Carla Matthews, Ms. Lisa Worrills, and Mr. Gary Cosby, on
behalf of themselves and others similarly-situated, filed a lawsuit in the U.S. District
Court for the Western District of North Carolina against Convergys Corporation and
Convergys Customer Management Group, Inc. The lawsuit alleges that Convergys
Corporation and Convergys Customer Management Group, Inc. violated the federal
Fair Labor Standards Act ("FLSA") by allegedly failing to pay its hourly customer
service representative employees all wages owed, including overtime wages for
work performed in excess of
forty (40) hours per week. Plaintiffs allege that they are entitled to recover all
unpaid wages for such work performed after May 16, 2011. Plaintiffs also seek an
additional equal amount as liquidated damages, as well as attorneys' fees and costs.
This litigation is currently in the early pretrial stage.

Convergys Corporation and Convergys Customer Management Group, Inc. have
denied Plaintiffs' allegations that they violated the FLSA or failed to properly pay their
employees for wages and overtime, and have further denied Plaintiffs' allegations that
they are liable to Plaintiffs under any circumstances.

3.    <u>PERSONS ELIGIBLE TO RECEIVE THIS NOTICE</u>

3

The United States District Court for the Western District of North Carolina has approved this Notice to be distributed to:

> **All current and former hourly home-based customer service representatives who worked for Convergys Corporation and/or Convergys Customer Management Group, Inc. at any time during the last three years.**

4. <u>YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT</u>

If you meet the description in paragraph number three (3) above, and if you believe that Convergys Corporation and/or Convergys Customer Management Group, Inc. has failed to compensate you for pre-shift, mid-shift, lunch break, and/or post-shift time you spent working (including time you spent starting-up, logging in to or logging out of, the computer programs, software programs, servers and applications, utilized by Convergys Corporation and/or Convergys Customer Management Group, Inc.), and thereby failed to pay you appropriate compensation to which you may be entitled, you may have the right to make a FLSA claim against Convergys Corporation and/or Convergys Customer Management Group, Inc. in this lawsuit to recover unpaid compensation, liquidated damages, costs, and attorney's fees for Plaintiffs' counsel in this lawsuit. It is entirely your own decision whether to join this lawsuit.

5. <u>EFFECT OF JOINING THIS LAWSUIT</u>

If you choose to join this lawsuit, you will be bound by any judgment on any claim you may have under the FLSA, whether favorable or unfavorable. That means that, if you win, you may be eligible to share in the monetary award; if you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in the lawsuit. If you do not prevail on your claim, court costs and expenses may possibly be assessed against you.

While this lawsuit is proceeding, you may be required to respond under oath to written questions, to have your deposition taken, to produce documents, and/or to testify in court at a trial or hearing in the United States federal courthouse in Asheville, North Carolina.

6. <u>NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT</u>

If you choose not to join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims brought under the FLSA that are alleged in this lawsuit; in other words, if you do not file a Consent to Join form, you will not receive any back overtime wages or other relief granted under this lawsuit if Plaintiffs prevail on their FLSA claims.

If you choose not to join this lawsuit, you retain all rights, if any, that you may have under the FLSA and are free to file your own lawsuit or complaint with the U.S. Department of Labor; however, recovery for any alleged FLSA claim you may have

4

would be obtainable by you only if you file your own lawsuit or Department of Labor complaint within the time provided by law, and you actually prevail on your claims.

7.    <u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>

The attorneys for Plaintiffs and the proposed opt-in class are the law firms of Sommers Schwartz, PC and Johnson Becker, PLLC.   Their addresses and telephone numbers are:

| | |
|---|---|
| Jason J. Thompson | Timothy Becker |
| Kevin J. Stoops | Jacob Rusch |
| Jesse L. Young | Johnson Becker, PLLC |
| Sommers Schwartz, PC | 33 South Sixth Street, Suite 4530 |
| One Towne Square, Suite 1700 | Minneapolis, Minnesota 55402 |
| Southfield, Michigan 48076 | Telephone: (612) 436-1800 |
| Telephone: (248) 355-0300 | |

If you choose to join the lawsuit, the law firms listed above will be representing you unless you obtain another attorney. You will not be required to pay any attorneys' fees or court costs to the Plaintiffs' lawyers at this time and not pay any attorneys fees unless you prevail. Rather, in the event the Plaintiffs prevail in the lawsuit, either by judgment or settlement, the Plaintiffs' attorneys will be requesting that the Court order Convergys Corporation and Convergys Customer Management Group, Inc. to pay the Plaintiffs' lawyers their reasonable attorneys' fees and reimburse them for any expenses. Plaintiffs' attorneys will be compensated by the greater of either a forty (40%) percent contingent fee  of all sums recovered by settlement, award, court-ordered attorneys fees, or judgment, <u>or</u> whatever attorneys fee is awarded by the Court or obtained/negotiated through a settlement. The Court must approve any fees received by the Plaintiffs' lawyers.

You also have the option to retain an attorney of your own choice.


8.    <u>HOW TO JOIN THIS LAWSUIT</u>

If you wish to join this lawsuit, you must complete, sign and mail the enclosed Consent to Join form in the enclosed stamped envelope to:

Veronica Stewart
Sommers Schwartz, PC
One Towne Square, Suite 1700
Southfield, Michigan 48076
**[Insert number]**

Your signed Consent to Join form must be filed with the Court by **October 15, 2014** for you to be eligible to participate in this lawsuit.

5

If you wish to join this lawsuit, return the signed Consent to Join form as soon as possible to Ms. Stewart, but no later than **October 8, 2014**, to preserve any legal right you may have to participate in this lawsuit. Until the Consent to Join form is filed with the Court, the statute of limitations ordinarily continues to run, and you will not be entitled to receive compensation for the days during which you delay sending in your Consent to Join form.

If you file a Consent to Join form, your continued right to participate in this lawsuit may depend upon a later decision by the Court that you and the Plaintiffs are similarly situated. If the Court finds that you and the Plaintiffs are not similarly situated, you may re-file your own FLSA lawsuit within the time provided by law.

9.      DEADLINE

Your completed Consent to Join form must be filed with the Court by **October 15, 2014** in order to be eligible to participate in the lawsuit. You should ensure that it is received by Ms. Stewart by **October 8, 2014.** If you have already submitted a Consent to Join form, you do not need to submit another one at this time.

10.      NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT

This Notice is for the sole purpose of providing current and former Convergys Corporation and Convergys Customer Management Group, Inc. employees with information concerning their potential right to join this lawsuit.

Although this Notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims or Convergys Corporation and Convergys Customer Management Group, Inc.'s defenses, and there is no assurance that the Court will grant any relief to the Plaintiffs.

11.      NO RETALIATION PERMITTED

The FLSA prohibits employers, such as Convergys Corporation and Convergys Customer Management Group, Inc. from discriminating or retaliating against or taking adverse actions against any person for filing a lawsuit, claim or complaint for compensation, assisting or testifying in a lawsuit under the FLSA, or otherwise participating in a proceeding or exercising their rights under the FLSA.

12.      FURTHER INFORMATION

For further information about this lawsuit, you may contact Plaintiffs' counsel by mail at the addresses indicated above in paragraph 7, by telephone at **[insert number]**, or by e-mail at FLSA@sommerspc.com

**DO NOT CONTACT THE COURT**
**REGARDING THIS LAWSUIT**

6

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Conditional Class Certification and Court Supervised Notice to Potential Opt-In Plaintiffs (#13) is GRANTED as herein provided.

Signed: August 8, 2014

Max O. Cogburn Jr.
United States District Judge