UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-CV-00125-MOC-DLH

**CARLA MATTHEWS**, **LISA WORRILLS,
GARY COSBY, LASERE REID-SMITH,
EVERETTE DOUGLAS, ASTRID CARIDAD
CORRALES-CRUZ, SHARON GRIFFIN,
SHERRY DICEHARE, HERMAN MOSS,
DENISE JACKSON, LYNN ALEXANDER,
SHEILA ARNDT, SHUANA SELLE, NANCY
GRABLE, LASHA SMITH, LATASHA LACKS,
JOHN LINDSLEY, CHRISTINA SMITH,
GAIL FOSTER, BRITTANY BROOKOVER,
CARRIE KORTH, individually, and on behalf of
others similarly situated,**

        Plaintiffs,

vs.

**CONVERGYS CORPORATION,** and **CONVERGYS
CUSTOMER MANAGEMENT GROUP, INC.,**

        Defendants.

---

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND
JUDGMENT AND ORDER OF DISMISSAL**

WHEREAS, the Parties reached a settlement of the above-captioned matter that was preliminarily approved by this court;

WHEREAS, the parties have complied with the court's preliminary approval order including sending class notice according to the approved notice plan and the period for objections, opt-out and claims has closed; and

WHEREAS, this Court conducted a final fairness hearing on November 30, 2015, in which the court specifically reviewed all aspects of the preliminary settlement for fairness, reasonableness and adequacy, including the strength and weaknesses of the claims and defenses;

1

the likelihood of class certification; the time and effort expended by the attorneys; the value obtained for the class and method of paying claims; the claims rate and participation by the class; the reversion rights of defendant; the class members' lack of objections or opt out elections filed; and adequacy of class notice, and was otherwise fully advised of the facts and circumstances of the proposed settlement;

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The court has examined and finds good grounds to approve this parties' settlement as fair reasonable and adequate pursuant to the standards for approval of a class settlement under Fed. R. Civ. P. 23(e), with the exception of the amount of class counsel attorneys' fees as was discussed on the record at the Final Fairness Hearing and ordered below.

2. The Court has reviewed and now approves the material terms of the Settlement Agreement, which are summarized below:

   (a) For purposes of settlement only, the parties have agreed to certification of the following classes:

   Rule 23 State Law Wage and Hour Class

   All current and former hourly customer service related employees, including agents, customer service representatives, problem resolution representatives, and all other hourly employees in similar positions (Remote Agent or "RA") but not telecommuting agents ("TCA"), who communicated with customers and potential customers and clients of Convergys Corporation and Convergys Customer Management Group, Inc. (hereinafter "Defendants") while working as a Remote Agent for Defendants from May 16, 2011 to August 28, 2015.

   FLSA Collective Action Class

   All current and former hourly customer service related employees, including agents, customer service representatives, problem resolution representatives, and all other hourly employees in similar positions (Remote Agent or "RA") but not telecommuting agents ("TCA"), who communicated with customers and potential customers and clients of Convergys Corporation and Convergys Customer Management Group, Inc. (hereinafter "Defendants") while working as a Remote Agent for Defendants from May 16, 2011 to August 28, 2015.

(b) Under the settlement, Defendants agreed to pay a fixed sum up to Four Million Five Hundred Thousand Dollars ($4,500,000.00) dollars (the "Settlement Fund") to resolve all of Plaintiffs' claims under the Second Amended Complaint. From this amount, the parties agreed that the settlement would be distributed as follows:

(i) $2,183,105.60 (constituting 80% of the Settlement Fund Balance)[1] would be allocated to the Pre- and Post-Shift Time Settlement Pool.

(ii) $545,776.40 (constituting 20% of the Settlement Fund Balance) would be allocated to the Technical Downtime Settlement Pool.

(iii) An award of attorneys' fees to Sommers Schwartz, P.C. and Johnson Becker, P.L.L.C. ("Class Counsel") in an amount of thirty-three percent (33 1/3%) of the Settlement Fund (equaling $1,500,000.00).

(iv) An award of costs and expenses, including $171,118.00 in estimated settlement administration costs to KCC and $85,000 in litigation expenses to Class Counsel.

(v) Incentive awards, in a total aggregate amount of $100,000.00, to the 21 Named Plaintiffs.

(vi) Participating Claimants will be entitled to compensation from the Pre-and Post-Shift Time Settlement Pool as follows:

(1) For each week a class member worked, the Settlement Administrator will add 4.5 minutes to the existing number of hours worked each day in that week for purposes of the Pre- and Post-Shift Time Settlement Pool. The Settlement Administrator will then total the revised number of hours worked in that work week. For weeks in which the class member's time, be it original or revised, exceeds 40 hours per week, the Settlement Administrator will identify how many of the added minutes are below the 40 hour mark, and how many are above the 40 hour mark.

(2) For work weeks in which the revised number of time worked exceeds 40 hours in a work week, the Settlement Administrator will calculate how many minutes exceed 40 in those work weeks. Those minutes will qualify for overtime payment at one-and-one-half times the class member's applicable wage for that week, except for class members who worked in the states of California and Nevada who will qualify for overtime payment at two-and-one half times the class member's applicable wages for that week. Any added minutes

---

[1] "Settlement fund Balance" means the balance remaining in the Settlement Fund after payment of (a) all costs of notice and administration, (b) the incentive awards to the named Plaintiffs, and (c) Class Counsel's attorneys' fees and litigation expenses.

3

that do not cause the total time worked to exceed 40 hours in the work week will be paid at the class member's applicable wage for that week.

(3) After calculating the overtime rate for a class member, the Settlement Administrator will double that dollar amount, and that will be the class members' pre- and post-shift time pool benefit amount for that week.

(4) If after the claim period has closed the claims for the Pre- and Post-Shift Time pool are less than $1,091,552.80 (or 50% of the Pre- and Post-Shift pool fund), then the value of the individual benefit amount to be provided to each Class Member shall be increased on a pro rata basis, such that the aggregate value of the cash payments equals $1,091,552.80. The Settlement Administrator shall determine each authorized Class Member's pro rata share based upon each Class Member's pre- and post-shift time pool benefit.

(vii) Participating Claimants will be entitled to compensation from the Technical Downtime Settlement Pool as follows:

(1) Participation in the technical downtime pool shall be available to all eligible class members who complete a Joint Claim Form, were employed by Defendants for a minimum of four full work weeks AND who had at least six (6) help desk tickets generated as a result of calls or inquiries placed by the class members to Defendants' Home Agent Service or help desk.

(2) Defendants will submit a final list of all help desk tickets for the class members to the Settlement Administrator and Class Counsel on the same timetable as the pre- and post-shift employment data as set forth above. The Settlement Administrator will then identify all eligible class members who have six (6) or more help desk tickets using the same timetable as above. Collectively, those help desk tickets with constitute the Total Tech Ticket Number.

(3) The Settlement Administrator will calculate each eligible class member's relative percentage of help desk tickets – the total number of help desk tickets and divide that number by the Total Tech Ticket Number. Each eligible class member will then be allocated a share of the Technical Downtime pool fund based on their percentage as their Technical Downtime benefit amount.

(4) A $65 minimum benefit payment will be paid to each eligible class member as their share of the Technical Downtime pool if their relative percentage share as provided above is less than $65. No

4

eligible class member shall receive more than $10,000 if their relative share as provided above is greater than $10,000.

    (5)    If after the claim period has closed the claims for the Technical Downtime pool are less than $272,888.20 (or 50% of the pool fund), then the value of the individual Technical Downtime benefit amount payment to be provided to each Class Member shall be increased on a pro rata basis, such that the aggregate value of the cash payments equals $272,888.20. The Settlement Administrator shall determine each authorized Class Member's pro rata share based upon each Class Member's Technical Downtime benefit amount.

    (6)    If for any unforeseen reason the aggregate value of the Technical Downtime cash benefit to be paid to Class Members exceeds the Technical Downtime gross settlement pool balance, then the value of the individual benefit amount to be provided to each Class Member shall be reduced on a pro rata basis, such that the aggregate value of the cash payments does not exceed the Technical Downtime benefit amount gross settlement pool balance. The Settlement Administrator shall determine each authorized Class Member's pro rata share based upon each Class Member's Technical Downtime benefit amount.

    (viii)    Any portion of the minimums set forth above in either the Pre- and Post-Shift Time Settlement Pool or the Technical Downtime Settlement Pool not claimed by a class member and not otherwise payable as an incentive payment to Named Plaintiffs, as costs or attorneys' fees to Plaintiffs' Counsel, or as administrative costs or expenses to the claims administrator, shall revert to Convergys on the date as provided for in this agreement or Order.

3. The Court finds that the Settlement Agreement constitutes a fair result given the totality of the circumstances facing Plaintiffs and the Class. The benefits of settlement are great in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged litigation.

4. The present Class Action Settlement was reached after prolonged arms-length negotiations by experienced counsel on both sides. The terms of this Settlement as outlined above and as set forth in greater detail in the Settlement Agreement represent, in this Court's opinion, an excellent result achieved by experienced counsel for Plaintiffs and Defendants.

5. The fact that no class members filed an objection, or elected to opt out weights in favor of finding that the settlement is fair, reasonable, and adequate. Likewise, the final approval order is not being entered until November 30th in compliance with the 90-day waiting period under the Class Action Fairness Act, *28 U.S.C. § 1715(d)*), and there being no objections filed by a government official.

6. Specifically, the Court hereby grants final approval of the Parties' Settlement Agreement pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and §216(b) of the FLSA as agreed to by the Parties. Approval is based upon: (a) the relative strength of the Plaintiffs' case on the merits; (b) the existence of any difficulties of proof or strong defenses the Plaintiffs are likely to encounter if the case goes to trial; (c) the anticipated duration and expense of litigation; (d) the amount of informal discovery completed and the character of the evidence uncovered by the Parties; (e) the fairness of the Settlement, as set forth on the record by counsel, to the Class Members; (f) the fact that the Settlement is the product of extensive arms-length negotiations between the Parties; (g) the fact that any proposed Class Member who disagreed with the Settlement could have opted out by personally signing the Opt Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this Settlement is consistent with the public interest. The court also finds that the Settlement Agreement is a fair and reasonable resolution of a <u>bona fide</u> dispute over FLSA provisions.

7. The Court finds that based on the settlement administrator's declaration filed in this matter and representations of all counsel at the final fairness hearing that the plan for Class Notice was completed and satisfied the requirements of due process and Rule 23 (c)(2)(B). Therefore, this order and final judgment has binding effect on all class members and the parties' settlement terms, including the release of claims.

8. Pursuant to Rule 23(c)(3), the Court hereby approves entry of final judgment and certifies the following Rule 23 class:

> All current and former hourly customer service related employees, including agents, customer service representatives, problem resolution representatives, and all other hourly employees in similar positions (Remote Agent or "RA") but not telecommuting agents ("TCA"), who communicated with customers and potential customers and clients of Convergys Corporation and Convergys Customer Management Group, Inc. (hereinafter "Defendants") while working as a Remote Agent for Defendants from May 16, 2011 to August 28, 2015.

9. Pursuant to the collective action procedures of Section 216(b) of the FLSA, the Court enters final judgment as to and certifies the following class:

> All current and former hourly customer service related employees, including agents, customer service representatives, problem resolution representatives, and all other hourly employees in similar positions (Remote Agent or "RA") but not telecommuting agents ("TCA"), who communicated with customers and potential customers and clients of Convergys Corporation and Convergys Customer Management Group, Inc. (hereinafter "Defendants") while working as a Remote Agent for Defendants from May 16, 2011 to August 28, 2015.

10. The Court confirms its appointment of the Named Plaintiffs as Representatives of each of their respective Rule 23 state law classes and finds that they meet the requirements of Rule 23(a)(4).

11. The Court approves payment of enhancement awards to the Named Plaintiffs in the aggregate amount of One Hundred Thousand Dollars and Zero Cents ($100,000.00).

12. The Court further confirms pursuant to Rule 23(g) its appointment of Plaintiffs' Counsel, Sommers Schwartz, P.C. and Johnson Becker, PLLC, that they have fairly and adequately represented the interests of the Class, and hereby directs them to continue in their capacity if any further action is required in this case.

13. For the reasons set forth on the record at the Final Fairness Hearing, which are incorporated herein, the Court approves an award in the amount of One Million Five Hundred

Thousand Dollars and Zero Cents ($1,500,00.00) in attorneys fees to class counsel, Sommers Schwartz, P.C. and Johnson Becker, PLLC, and Eighty-Five Thousand Dollars and Zero Cents ($85,000.00) in litigation costs to class counsel, and finds that these amounts are reasonable under the circumstances, incurred on behalf of the class and appropriate pursuant to Rule 23 based on the common benefit fund that was created and that were shared by the class.

14. The Court orders Defendants to pay the costs associated with settlement notice and administration, estimated at One Hundred Seventy One Thousand, One Hundred Eighteen Dollars and Zero Cents ($171,118.00).

15. The Court has jurisdiction to enter this Order and Judgment approving the settlement and dismissing all claims by Plaintiffs and the class pursuant to the settlement agreement with prejudice, and hereby does dismiss those claims, and expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the settlement.

Signed: November 30, 2015

*[signature]*

Max O. Cogburn Jr
United States District Judge